UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

        -against-                          MEMORANDUM & ORDER

JAMES BAYFIELD,                         14-cr-356 (ENV)

                       Defendant.
------------------------------------------------------------ x

VITALIANO, D.J.

Defendant James Bayfield has moved for bond pending appeal. For the reasons explained below, his application is denied.

## Background

In June 2014, Bayfield was indicted, with five others, Dkt. No. 1, on bank and wire fraud charges arising out of a scheme to defraud mortgage lenders, relating to various residential properties in southeast Queens. Dkt. No. 253. A jury convicted him on all the charges he faced. Dkt. No. 377. The Court sentenced Bayfield above the applicable sentencing guidelines, *see* Dkt. No. 427 at 6, to a 21-month term of imprisonment. Dkt. No. 424. Bayfield has appealed, Dkt. No. 426, and now moves to be released on bail pending its outcome. Dkt. No. 427.

## Discussion

Bail pending appeal is governed by 18 U.S.C. § 3143(b), which provides that, as applicable to Bayfield's motion, a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained pending appeal, unless the sentencing court finds:

(A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if

released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

§ 3143(b)(1). In other words, Bayfield carries the burden to overcome the presumption in favor of detention by clear and convincing evidence. *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004); *United States v. Silver*, 2018 WL 4440496, at *2 (S.D.N.Y. Sept. 17, 2018).

Even assuming that Bayfield is not likely to flee or pose a danger to the community and, assuming further, that the appeal is not for the purpose of delay, he has failed to demonstrate that there is a substantial question that would result in reversal, a new trial, or a sentence that either does not include a term of imprisonment or includes a term of imprisonment shorter than the time he has served plus the expected duration of the appeal process. § 3143(b)(1).

To show that a question is substantial, a defendant seeking release pending appeal from a judgment of conviction must establish that the appeal presents an issue that is "a close question or one that could very well be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985), *cert. denied*, 474 U.S. 1008 (1985) (citation and quotation omitted). The question, therefore, must be "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). "If a

2

court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* at 125 (quoting *Miller*, 753 F.2d at 23); *see also United States v. Razzouk*, 2018 WL 3062585, at *2 (E.D.N.Y. June 21, 2018).

The first question Bayfield identifies as "substantial" involves the Court's ruling on a motion *in limine* that, he admits, "agreed" with his own position on the issue, *see* Dkt. No. 427 at 4, and which conditioned the government's introduction of evidence concerning a false deed Bayfield filed on whether he put "knowledge or intent at issue" during trial. *Id.* And that is precisely what happened: the government argued that defense counsel had "opened the door" at trial by cross-examining a cooperating witness on Bayfield's role in rehabilitating the properties at the heart of the scheme, and the Court agreed. *See* Dkt. No. 438 at 5-6. Stated differently, Bayfield now argues that a substantial question arises because he disagrees with the Court's evidentiary ruling at trial. *Id.* at 5. Obviously, this claim raises nothing novel or even new to the litigation of this case. It merely renews an argument that was raised at trial, fully considered and rejected by the Court. This sort of trial ruling hardly raises the type of substantial question that would justify bond pending appeal.

Bayfield also argues that his appeal raises a substantial question about the sentence imposed, which was "seven months longer than the Guidelines range calculated by the Court and eleven months longer than the range that the defense contended was applicable." *Id.* at 6. Bayfield protests that the sentence was both procedurally and substantively unreasonable but offers little support for his position, other than his

continued disagreement with the Court's reasoning, which was fully explained at the sentencing hearing. As the credible evidence at trial established convincingly, Bayfield engaged in egregious conduct that the strictures of the guidelines do not capture. A sentence imposed above the guidelines does not, for that reason alone, raise substantial issues of procedural or substantive fairness, much less present an appellate issue that would justify bond pending its resolution. Indeed, there is absolutely nothing to support the position that a successful appeal would result in reversal, a new trial, or a sentence that either does not include a term of imprisonment or includes a term of imprisonment shorter than the time Bayfield has served plus the expected duration of the appeal process. § 3143(b)(1).

## Conclusion

In line with the foregoing, defendant's motion to be released on bail pending appeal is denied.

Dated: Brooklyn, New York
February 7, 2019

/s/ Hon. Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge